EDWARD ROBINSON, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 21960

Court of Claims, February 7, 1934.

*Floyd J. Reinhart*, for the claimant.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J. Claimant, while an inmate of Clinton Prison, was injured while engaged in the work of cleaning a machine in the

cotton carding shop of the prison. The claim was filed pursuant to chapter 742 of the Laws of 1931, which provides in part as follows: " If the court shall find that said accident did happen as aforesaid and that such injuries were so sustained by reason of the negligence as aforesaid and without any negligence of the claimant contributing thereto, damages therefor shall constitute a legal and valid claim against the State and the State shall be deemed liable therefor and the court may award to and render judgment for the claimant for such sum as may be just and equitable to compensate the claimant for the injuries sustained."

It was incumbent, therefore, on claimant to prove by a fair preponderance of evidence that the State was negligent and that he was free from negligence. The claimant had been working on the machine for several months and at the start had been instructed in the work. On November 5, 1926, while so engaged, his left hand was drawn into the machine and so injured that amputation was necessary.

Claimant says, in substance, that when he was ready to take the cleaner off of the machine, a rope which he was using to hold the cleaner against the machine caught on a pulley and drew his hand into the machine.

The State contends that a glove worn against orders was caught and claimant's hand was thereby drawn into the machine and this contention is strengthened by the testimony of one of the State's witnesses to the effect that a piece of glove was found in the machine and also by a statement made by claimant after the accident. The machine was being operated by electric current at the time of the accident and the claimant argues that the work of cleaning might have been performed by man power with less danger, but the machine had apparently never been cleaned in that way and whether such a method of cleaning would prevent the accident does not appear. Neither does it appear that the machine could have been provided with guards which would have prevented the accident, nor, on the other hand, is there any proof that the mere fact of wearing the glove instead of holding the rope caused the accident. The burden resting upon claimant to show that he was free from contributory negligence is obviously a light one, inasmuch as he was a prisoner compelled to do as he was told, but, as before pointed out, it was clearly his duty to prove, by a fair preponderance of evidence, that the State was negligent. Claimant relies upon section 256 of the Labor Law, which provides that machines in factories " shall be properly guarded and provided with proper safety devices," and contends that this prison workshop was a factory.

I have found in the Labor Law no specific provision for its application to the State or its prison workshops. In the case of *Denton* v, *State* (72 App. Div. 248), on pages 251 and 252 of the opinion are quotations from Black on Interpretation of the Laws as follows: " ' General words in a statute do not include nor bind the government by whose authority the statute was enacted, where its sovereignty, rights, prerogatives or interests are involved. It is bound only by being expressly named or by necessary implication from the terms and purpose of the act.' " The writer further says: " ' This is a very ancient rule of the English law and is equally applicable to the National and State governments in this country. It is said that laws are supposed to be made for the subjects or citizens of the State, not for the sovereign power. Hence if the government is not expressly referred to in a given statute, it is presumed that it was not intended to be affected thereby, and this presumption in any case where the rights or interests of the State would be involved can be overcome only by clear and irresistible implications from the statute itself. Generally speaking, therefore, the State is not bound by the provisions of any statute, however generally it may be expressed, by which its sovereignty would be derogated from, or any of its prerogatives, rights, titles or interests would be divested, save where the act is specifically made to extend to the State, or where the legislative intention in that regard is too plain to be mistaken.' " In the absence of a specific provision, therefore, the section of the Labor Law referred to is not applicable and it is not necessary to discuss the case of *Scott* v. *International Paper Co.* (204 N. Y. 49), cited in the claimant's brief.

Obviously, it would be impracticable, if not impossible, for the State prison workshops to conform to certain sections of the Labor Law.

The duty of the State to use ordinary care in providing claimant with a safe appliance with which to work remains, but there is not sufficient proof here of the failure to use such care and the claim must, therefore, be dismissed.

On account of the illness of Judge JAMES A. PARSONS, this case is being decided by two other judges of this court.

RYAN, J., concurs.